UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID S. ALBERS,

    Petitioner,

v.

    CASE NO. 2:12-CV-10142
    HONORABLE ARTHUR J. TARNOW
    UNITED STATES DISTRICT JUDGE

PAUL KLEE, WARDEN,

    Respondent.
_____/

**OPINION AND ORDER HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE**

    Bruce David S. Albers, ("Petitioner"), a state prisoner presently confined at the Gus Harrison Correctional Facility, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his state court conviction for solicitation to commit murder. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to exhaust his habeas claims.

**I. Background**

    On June 23, 2009, Petitioner pled no contest to solicitation to commit murder in Macomb Circuit Court. He was subsequently sentenced to a prison term of nine-to-thirty years.

    Petitioner raised four claims in his direct appeal: (1) entrapment; (2) ineffective assistance of counsel; (3) denial of plea withdrawal; and (4) scoring of the sentencing guidelines. The Michigan Court of Appeals denied Petitioner's application for leave to

1

appeal "for lack of merit in the grounds presented." *People v. Albers*, No. 298741 (Mich. Ct. App. August 25, 2010). The Michigan Supreme Court subsequently denied leave to appeal by standard order. *People v. Albers,* No. 141880 (Mich. Sup. Ct. February 7, 2011).

Petitioner states that he filed several post-conviction motions in the trial court following his direct appeal. In one of his motions, Petitioner claims he raised the issue he presents in his habeas application: "Federal constitutional right to notice." According to Petitioner, the trial court has still not ruled on his motions, but he wishes to raise this claim in his habeas petition.

## II. Discussion

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

"Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the

state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Moritz v. Lafler*, No. 2:07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000)). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to stay proceedings pending exhaustion on a habeas petition, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n. 1 (6th Cir. 2002).

In this case, a stay is appropriate because Petitioner wishes to present a claim in his habeas petitioner that has not yet been exhausted in the state courts.

The Court grants Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust his new claim. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1).

A common circumstance calling for abating a habeas petition arises, as here, when a Petitioner wishes to include new unexhausted claims to his habeas petition, but the dismissal without prejudice of the first petition would probably result in the second petition

being time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

It is **ORDERED** that the petition for writ of habeas corpus is held in abeyance pending exhaustion of Petitioner's claim(s). Petitioner shall inform the Court within sixty (60) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claim(s).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 24, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 24, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

5