UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALBERS,

        Petitioner,                       Case No. 2:12-cv-10142

v.                                             Hon. Arthur J. Tarnow

PAUL KLEE,

        Respondent.
_____/

**ORDER GRANTING MOTION TO REINSTATE HABEAS PETITION [Dkt. 20], GRANTING MOTION TO EXCEED PAGE LIMIT [Dkt. 22], DENYING MOTION FOR DISMISSAL OF CASE [Dkt. 23], AND ORDERING THAT THE AMENDED PETITION [Dkts. 21 AND 23] BE SERVED UPON RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS**

David Albers, ("Petitioner"), presently confined at the Chippewa Correctional Facility, filed a *pro se* petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his state court conviction for solicitation to commit murder. On January 24, 2012, this Court entered an order holding the case in abeyance pending the completion of state post-conviction proceedings. Petitioner alleges that he has now exhausted his state court remedies, and his motion to reinstate his case was filed within the deadline set by this Court's order of June 10, 2015.

The Court interprets Petitioner's "Request for Leave to Amend" [Dkt. 21] and his "Motion to Strike Transcripts and Dismissal of Case," [Dkt. 23] as constituting his amended petition.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because Petitioner claims he has exhausted his claims in the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reinstated.

The Court will further order that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus [Dkt. Nos. 21 and 23] and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2  (E.D. Mich. August 2, 2005).

The Court will also order Respondent to file a response to the habeas petition within sixty (60) days of the Court's order. This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.  The Court will also order Respondent to provide this Court with the Rule 5 materials at the time that it files its answer. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002).

To the extent Petitioner's document field at Dkt. 23 is seeking some form of immediate disposition of his case, Petitioner is not entitled to summary judgment.

Default judgments are unavailable in habeas corpus proceedings. *See Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Respondent is entitled to be given an opportunity to answer Petitioner's claims that he is being held in custody in violation of his constitutional rights.  Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

**IT IS ORDERED** that the petition for a writ of habeas corpus is reinstated to the Court's active docket.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus [Dkts. 21 and 23] and a copy of this Order on Respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that Respondent shall file an answer and produce the entire state court record within **sixty (60) days** of the date of this order or show cause why they are unable to comply with the order.

s/Arthur J. Tarnow  
Hon. Arthur J. Tarnow  
Senior United States District Judge

DATED: October 6, 2015