UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALBERS,

                    Petitioner,              Case No. 2:12-cv-10142
                                            Hon. Arthur J. Tarnow

PAUL KLEE,

                    Respondent.
_____/

## OPINION AND ORDER 1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [Dkt. 29], 2) DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS, AND 3) DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS

David Albers, a Michigan prisoner, filed this action pursuant to 28 U.S.C. § 2254. The amended petition challenges Petitioner's Macomb Circuit Court conviction for solicitation to murder for which he is serving a sentence of 9 to 30 years. MICH. COMP. LAWS § 750.157b. The documents forming the amended petition [Dkts. 21 and 23] are poorly written and open to interpretation. As best as the Court can determine Petitioner appears to be raising five grounds for relief: (1) Petitioner was entrapped by the outrageous conduct of an undercover officer [Dkt. 21]; (2) the state court record has been falsified [Dkt. 23, ¶¶ 1-14]; (3) Petitioner was denied the effective assistance of counsel at all stages of his state court proceedings [Dkt. 23, *passim*]; (4) Michigan's solicitation to commit murder statute is unconstitutional or was incorrectly interpreted by the state courts [Dkt. 23, ¶¶ 40-79]; and (5) the prosecution presented false testimony [Dkt. 23, ¶¶ 82-86, 94-119].

This matter is before the Court on Respondent's motion for summary judgment in which he argues that the amended petition should be dismissed as untimely. The Court will grant Respondent's motion because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. § 2244(d). The Court will also deny Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

## I. Background

Petitioner was originally charged with two counts of solicitation to murder, alleged to have occurred on July 28, 2008. Following a preliminary examination held on October 22, 2008, the prosecutor successfully moved to amend the charges to allege that the offenses occurred between May 28, 2008, and July 28, 2008. Petitioner asserted that the period was overly broad and denied Petitioner a fair opportunity to prepare a defense.

Petitioner also moved to dismiss the charges on the grounds that he had been entrapped by an undercover officer posing as a hit man. An evidentiary hearing was held on April 23 and 24, 2009, after which the trial court denied the motion.

On May 27, 2009, the day set for trial, Petitioner entered a no contest plea to one count of solicitation to murder. Dkt. 30-12, at 7. Petitioner was administered the oath, and he indicated that he signed the form informing him of the rights he would be waiving by entering his plea. Id., at 9. Petitioner indicated his desire to plead no contest to solicitation to murder. Id. He understood that the charge carried a maximum possible penalty of life imprisonment. Id. Petitioner stated his understanding that there was an agreement that his minimum term would be 108 months and that the second count of solicitation to murder

would be dismissed. Id., at 10-11. Petitioner denied that any other promises, threats, or inducements had been made to get him to enter his plea. Id., at 11. Petitioner affirmed that he was entering the plea of his own free will and choice. Id., at 12. The trial court established a factual basis for the plea by referring to the preliminary examination transcripts and the transcripts of the entrapment hearing. Id., at 13-14. The transcripts contained recorded conversations between Petitioner and an undercover officer in which Petitioner solicited the officer to murder his ex-wife and her boyfriend. Id., at 14. The trial court accepted the plea and found that Petitioner entered it freely, willingly, and knowingly. Id., at 17. Petitioner was subsequently sentenced under the terms of the plea agreement to 9 to 30 years.

Petitioner requested and was appointed appellate counsel who filed a motion to withdraw the plea, which the trial court denied. Counsel then filed a delayed application for leave to appeal in the Michigan Court of Appeals. The appeal raised the following claims: (1) Petitioner was entrapped; (2) Petitioner's trial counsel provided ineffective assistance by coercing him into accepting a plea bargain; (3) the trial court abused its discretion in denying Petitioner's motion to withdraw the plea; and (4) the trial court incorrectly scored the sentencing guidelines.

On August 25, 2010, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Albers*, No. 298741 (Mich. Ct. App. Aug. 25, 2010). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On February 7, 2011, the Michigan Supreme Court denied the application by standard form order. *People v. Albers*, 793 N.W.2d 711 (Mich. 2011) (unpublished table decision).

On December 19, 2011, Petitioner filed what the state court construed as a motion for relief from judgment. The motion claimed: (1) Petitioner's plea was involuntary; (2) the charges were overbroad; and (3) Petitioner's counsel was ineffective. Petitioner filed two additional motions in the trial court, apparently raising similar claims.

Petitioner then commenced this action by dating his federal habeas petition on January 3, 2012. The petition alleged a single ground for relief: "Federal constitutional right to notice." Dkt. 1, at 4. Petitioner seemingly claimed that the amended charging documents prevented him from raising an alibi defense. The petition correctly stated that Petitioner had a post-conviction proceeding pending in the trial court raising this claim. Id., at 3. Upon initial review of the petition, the Court noted that Petitioner's claim had not been fully exhausted, and it entered an order on January 24, 2012, staying the case and holding it in abeyance pending final review of Petitioner's claim in the state courts. Dkt. 4. The Court informed Petitioner that the stay was conditioned on Petitioner returning to federal court within sixty days of completing state post-conviction review. Id., at 4-5.

The state trial court thereafter denied Petitioner's post-conviction motions in an order dated January 30, 2012. Petitioner, however, did not file an appeal from this order. Instead, Petitioner waited almost one and one-half years, and on July 15, 2013, he filed a second motion for relief from judgment in the trial court, raising nine different claims: (1) the Michigan Court of Appeals ruled on Petitioner's direct appeal before he had an opportunity to file a supplemental pro se brief; (2) appellate counsel was ineffective; (3) the undercover officer entrapped Petitioner; (4) Petitioner's plea was not understandingly entered; (5) the

prosecutor breached the terms of the plea agreement; (6) Petitioner's right to a speedy trial was violated; (7) Petitioner was sentenced based on inaccurate information; (8) Petitioner's trial attorney had a conflict of interest; and (9) Petitioner was denied the effective assistance of counsel during plea negotiations. Dkt. 30-24, at 3-5. The trial court denied the motion under Michigan Court Rule 6.502(G)(2) because Petitioner failed to show that his claims were based on a retroactive change in the law or new evidence. Dkt. 30-25, at 2.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. On April 18, 2014, the Michigan Court of Appeals denied Petitioner's application by citation to Michigan Court Rule 6.508(D). *People v. Albers*, No. 319947 (Mich. Ct. App. April 18, 2014). Petitioner applied for leave to appeal to the Michigan Supreme Court, but that court also denied relief under Rule 6.508(D). *People v. Albers*, 856 N.W.2d 392 (Mich. Dec. 16, 2014) (unpublished table decision).

In January of 2015, Petitioner filed a series of three poorly drafted motions in this Court. On June 10, 2015, the Court issued an order denying the motions, but stating "if it is or was Petitioner's intention to file a motion to reopen his habeas case, he may attempt to do so by filing a motion to reopen the case along with an amended habeas petition within thirty days of this order." Dkt. 18, at 2.

Petitioner complied with this order, and the amended habeas petition now before this Court is dated June 25, 2015. However, rather than presenting the Court with his lack-of-notice claim that he asserted in his original petition, Petitioner presented the Court with five different claims as outlined above. Respondent filed its motion for summary judgment on

-5-

November 20, 2015. Petitioner confirmed in his response to the motion for summary judgment that his amended petition does not raise the claim that was presented in his original habeas petition. See Dkt. 31, at 1-2.

## II. Discussion

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* If the movant carries its burden of showing an absence of evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires.  28

U.S.C. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

§ 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case. Under this provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Michigan Supreme Court denied leave to appeal on direct appeal on February 7, 2011. Petitioner's conviction became final 90 days later. See *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about May 8, 2011. Accordingly, Petitioner was required to file his federal habeas petition by May 8, 2012, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did have a properly filed motion for state post-conviction relief pending in the state courts from December 19, 2011, until January 30, 2012. This is the period of time between Petitioner filing his first set of post-conviction motions and the trial court's order denying them. The limitations period did not run during this 42 day period under § 2244(d)(2). Petitioner is not entitled to tolling for the period in which he could have, but did not, appeal the trial court's denial of his first post-conviction proceeding. See *Carey v. Saffold*, 536 U.S. 214, 225-226 (2002); *Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Scarber v. Palmer*, 2015 U.S. App. LEXIS 22296 (6th Cir. 2015) ("§ 2244(d)(2) burdens the

petitioner with the responsibility of preserving a 'pending' status of review by appealing . . . an otherwise final state-court order").

Petitioner dated his original habeas petition on January 3, 2012. At that point, excluding the 42-day period of statutory tolling, 200 days of the one-year period had expired. The Court then stayed the proceedings and administratively closed the case on January 24, 2012. While the one-year period was thereafter tolled as to the lack of notice claim contained in the original petition, it was not tolled for any claims not so included. See *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (ruling that federal habeas petition does not statutory toll the one-year period).

The new claims in the amended petition do not relate back to the original petition. Under Federal Rule of Civil Procedure 15, an amended pleading "relates back" to the original pleading only if the amended claims are tied to the "same core of operative facts" alleged in the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650. An amended petition does not relate back to an original petition simply because both petitions arise from the same trial and convictions. *Id*. As explained by the Supreme Court, if "claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id*. at 662.

In this case, the claims in Petitioner's amended petition do not arise from the same set of operative facts as the claims in Petitioner's original petition, which concerned only the lack of notice of the charges. As such, they do not relate back. See, e.g., *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (petitioner's new specific claims of ineffective assistance did not relate back to his previous unrelated claims); *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (petitioner did not satisfy relation back standard where new petition asserted ineffective assistance claim based upon a different type of attorney error than asserted in original petition). Petitioner's new claims do not relate back to his original petition.

Because the new claims presented in the amended petition do not relate back, Petitioner had 165 days remaining after he filed his initial habeas petition to file his state court motion for relief from judgment, thereby statutorily tolling the one-year period, and then return to federal court after completing the state court process as to those claims. Petitioner, however, did not file his state court motion for relief from judgment until July 15, 2013. This was 392 days *after* the limitations period had expired with respect to his new claims. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no time remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); see also *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The limitations period is only tolled while a petitioner has a properly filed motion for post-conviction or collateral review under consideration. 28 U.S.C. § 2244(d)(2); *Hudson v.*

-9-

*Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); see also *Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating entitlement to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner neither alleges nor establishes that he is entitled to equitable tolling of the one-year period. Petitioner offers no explanation for the one and one-half year delay between this Court's order granting him a stay and the filing of his second motion for relief from judgment. The fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. See *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195

-10-

F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner fails to show that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*,    U.S.   , 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); see also *House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should

"remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321). Petitioner makes no such showing. He is thus not entitled to equitable tolling. His amended petition, which contains new claims not presented in his original petition, was therefore untimely filed. Accordingly, Respondent's motion will be granted, and the case will be dismissed.

### III.  Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason would not debate the Court's procedural ruling. A certificate of appealability will therefore be denied. Furthermore, leave to appeal in forma pauperis is denied because any appeal of this order could not be taken in good faith because it would be frivolous. 18 U.S.C. § 1915(a)(3).

### IV.  Order

-12-

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and the petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability and permission for leave to appeal in forma pauperis are **DENIED.**

S/Arthur J. Tarnow
Hon. Arthur J. Tarnow
Senior United States District Judge

Dated:        June 7, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 7, 2016, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Assistant

-13-