UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALBERS,

            Petitioner,                          Case No. 2:12-cv-10142
                                                       Hon. Arthur J. Tarnow

v.

PAUL KLEE,

            Respondent.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION [Dkt. 38]**

Petitioner, David Albers, a state prisoner, filed this case under 28 U.S.C. § 2254, challenging his May 27, 2009, Macomb Circuit Court conviction for solicitation to murder. On June 7, 2016, the Court dismissed the petition on the grounds that the petition was filed after expiration of the one-year statute of limitations. Presently before the Court is Petitioner's motion for reconsideration.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

In the present case, the arguments raised by Petitioner in his motion for reconsideration were already rejected by the Court in its opinion dismissing the petition either explicitly or by implication. Petitioner asserts that his petition is not subject to the statute of limitations because he is actually innocent. As noted in the Court's opinion dismissing the petition, a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, U.S. , 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). But to establish actual innocence, a habeas petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); see also *House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner's claim of actual innocence does not differ from what he presented to the state courts in his entrapment hearing. Petitioner claims that Detective Brian Shock–the undercover officer who posed as a hit-man–entrapped him and threatened to kill him. He also asserts that Det. Shock's supervisor, Sgt. Jerome Urbaniak, committed perjury at the entrapment hearing. Petitioner's motion and attached exhibits, however, proffer no new

evidence in support of this claim.

The state trial court made the following factual findings after holding an evidentiary hearing on Petitioner's claim:

> The Roseville police department was proveded with information that the Defendant was interested in finding someone to kill his ex-wife. They conducted an investigation as the Court believes would be their obligation upon hearing of that information. The meeting that occurred on May 28th as set forth in the transcript, the Court believes clearly indicates the Defendant's intention to hire the undercover officer Detective Shock to kill his wife.
>
> The Court does not believe that Detective Shock either by way of the transcript that the Court read or upon hearing Detective Shock's testimony engaged in any impermissible conduct that would induce an otherwise law abiding citizen to commit this crime.
>
> Detecitve Shock simply initiated the phone call and then reacted to defendant's clear intention to find someone to murder his wife.
>
> In addition, the second leg that might result in an entrapment defense the police engaged in conduct so reprehensible that it cannot be tolerated by the Court.
>
> This court finds a complete absence of any reprehensible conduct. In fact, it would be the Court's opinion that the Roseville police department acted admirably and efficiently in investigating a possible crime and arguably ultimately stopped that crime from being committed.

Dkt. 30-10, at 11-12.

These findings of the state court are entitled to a presumption of correctness, and Petitioner has failed to proffer clear and convincing evidence that they are incorrect. 28 U.S.C. § 2254(e)(1). Indeed, the Court review of the entrapment hearing transcripts supports that state court's conclusion that Petitioner was not entrapped. Because Petitioner is merely presenting issues which were already ruled upon by the court, either expressly or by

reasonable implication, the motion for reconsideration is **DENIED**. See *Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

**SO ORDERED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:  January 27, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 27, 2017, by electronic and/or ordinary mail.

S/C. Pickles
Judicial Assistant